IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-50,961-06






EX PARTE RODNEY REED








ON APPLICATION FOR WRIT OF HABEAS CORPUS


CAUSE NO. 8701 IN THE 21ST DISTRICT COURT


BASTROP COUNTY






 Per curiam.


O R D E R



 Applicant was convicted in May 1998 of a capital murder committed in April 1996. 
Tex. Penal Code Ann. § 19.03(a)(2). Based on the jury's answers to the special issues set
forth in the Texas Code of Criminal Procedure, Article 37.071, sections 2(b) and 2(e), the
trial court sentenced him to death. Art. 37.071, § 2(g). (1) This Court affirmed applicant's
conviction and sentence on direct appeal. Reed v. State, No. AP-73,135 (Tex. Crim. App.
Dec. 6, 2000) (not designated for publication). Applicant filed his initial post-conviction
application for writ of habeas corpus in November 1999, and this Court denied relief in
February 2002. Ex parte Reed, No. WR-50,961-01 (Tex. Crim. App., Feb. 13, 2002) (not
designated for publication). Applicant filed four subsequent applications. None of them
satisfied the requirements of Article 11.071, Section 5(a). See Ex parte Reed, No. WR-50,961-02 (Tex. Crim. App., Feb. 13, 2002) (not designated for publication); Ex parte Reed,
271 S.W.3d 698 (Tex. Crim. App. 2008); Ex parte Reed, No. WR-50,961-04 (Tex. Crim.
App., Jan. 14, 2009) (not designated for publication); Ex parte Reed, No. WR-50,961-05
(Tex. Crim. App., Jan. 14, 2009) (not designated for publication). In April 2009, applicant
filed this subsequent application in the convicting court, which forwarded the application in
compliance with Article 11.071, Section 5(b).

 In his fifth subsequent application, applicant asserts that he has newly discovered
evidence that supports his previously raised Brady and actual innocence claims. He asserts,
alternatively, that this evidence raises a new claim under Schlup v. Delo, 513 U.S. 298
(1995), and Section 5(a)(2); a new claim of actual innocence under Ex parte Elizondo, 947
S.W.2d 202 (Tex. Crim. App. 1997), and Herrera v. Collins, 506 U.S. 390 (1993); and a new
claim for relief under Brady v. Maryland, 373 U.S. 83 (1963), due to the State's continued
suppression of exculpatory evidence.

 As support for his assertions, applicant cites to allegations of Jimmy Fennell's
misconduct, including several incidents as a Georgetown police officer and one incident as
a Giddings police officer. He also cites to a report of domestic violence against Fennell's ex-wife. Finally, applicant cites to a witness's affidavit concerning a possible sighting of the
victim and applicant together.

 The allegations of Fennell's misconduct and domestic violence do not exonerate
applicant. See also Ex parte Reed, Nos. WR-50,961-04 and -05, slip op. at 5-9 (Tex. Crim.
App. Jan. 14, 2009) (not designated for publication). As to the possible sighting of the victim
and applicant together, the witness does not positively identify either the victim or applicant,
and her description of the woman she saw is not consistent with descriptions of the victim. 
Applicant has failed to show that this information constitutes exculpatory evidence. 
Furthermore, applicant has not shown that the State violated Brady by withholding favorable
material evidence.

 The totality of the evidence before us still supports a guilty verdict. This application
fails to meet the gateway standard of Schulp and Section 5(a)(2), fails to make a prima facie
showing of actual innocence under Elizondo and Herrera, and fails to show a Brady
violation.

 We find that this subsequent application fails to satisfy any of the exceptions provided
in Article 11.071, § 5. Therefore, Applicant's subsequent application is dismissed as an
abuse of the writ.

 IT IS SO ORDERED THIS THE 1ST DAY OF JULY, 2009.

Do Not Publish
1. Unless otherwise indicated, all references to Articles are to the Texas Code of Criminal
Procedure.